**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| GOLDEN ARROW RESEARCH, LLC<br><br>Plaintiff,<br><br>vs.<br><br>ANCESTRY.COM DNA, LLC d/b/a Fold3<br><br><br>Defendants | Case No. 4:25-cv-00582 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ANCESTRY'S MOTION TO DISMISS**

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| BACKGROUND | | 1 |
| ARGUMENT | | 2 |
| I. | THE COURT LACKS PERSONAL JURISDICTION OVER ANCESTRY | 2 |
| | A. Ancestry Is Not Subject To General Jurisdiction In Missouri | 3 |
| | B. Ancestry Is Not Subject To Specific Jurisdiction In Missouri | 4 |
| II. | GOLDEN ARROW FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT | 8 |
| | A. Golden Arrow Fails To Properly Allege Copyright Infringement As To The Alleged Copyrighted Video | 8 |
| | B. Golden Arrow Fails To Properly Allege Copyright Infringement As To The Blog Post | 9 |
| III. | GOLDEN ARROW FAILS TO STATE A CLAIM FOR TRESPASS-TO-CHATTELS | 10 |
| | A. Golden Arrow Fails to Allege Damages | 10 |
| | B. Golden Arrow's Trespass-to-Chattels Claim is Preempted | 11 |
| CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

**Cases**

*Abelesz v. OTP Bank*,
   692 F.3d 638 (7th Cir. 2012) ...................................................................................6

*Allied Insurance Co. of Am. v. JPaulJones L.P.*,
   491 F. Supp. 3d 472 (E.D. Mo. 2020)........................................................................7

*Baldwin v. Fischer-Smith*,
   315 S.W.3d 389 (Mo. Ct. App. 2010)........................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................9, 10

*Briehl v. Gen. Motors Corp.*,
   172 F.3d 623 (8th Cir. 1999) ...................................................................................11

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
   582 U.S. 255 (2017)..................................................................................................3

*Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*,
   42 F.4th 948 (8th Cir. 2022) ...................................................................................3, 8

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)................................................................................................3, 4

*Calder v. Jones*,
   465 U.S. 783 (1984)..................................................................................................5

*Carney v. Guerbet, LLC*,
   2018 WL 6524003 (E.D. Mo. Dec. 12, 2018) ..........................................................3

*Facility Guidelines Institute, Inc. v. UpCodes, Inc.*,
   677 F. Supp. 3d 955 (E.D. Mo. 2023)......................................................................12

*Fastpath, Inc. v. Arbela Technologies Corp.*,
   760 F.3d 816 (8th Cir. 2014) ...................................................................................5

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991)..................................................................................................9

*Ginsburg v. InBev NV/SA*,
   649 F. Supp. 2d 943 (E.D. Mo. 2009), *aff'd*, 623 F.3d 1229 (8th Cir. 2010).............9

*Gray v. Hudson*,
   2015 WL 4488143 (E.D. Mo. July 23, 2015) ........................................................5, 7

*Hum. v. Frubbel, LLC*,
   2024 WL 2048865 (E.D. Mo. May 8, 2024) ..................................................................3, 4

*Johnson v. Arden*,
   614 F.3d 785 (8th Cir. 2010) ...............................................................................5, 6, 7

*Johnson v. Gawker Media, LLC*,
   2016 WL 193390 (E.D. Mo. Jan. 15, 2016) .................................................................5, 7

*Mulcahy v. Cheetah Learning LLC*,
   386 F.3d 849 (8th Cir. 2004) ...........................................................................................9

*N.C.C. Motorsports, Inc. v. K-VA-T Food Stores, Inc.*,
   975 F. Supp. 2d 993 (E.D. Mo. 2013)..........................................................................4, 6, 7

*Ottenheimer Publishers, Inc. v. Playmore, Inc.*,
   158 F. Supp. 2d 649 (D. Md. 2001) .................................................................................6

*Pederson v. Frost*,
   951 F.3d 977 (8th Cir. 2020) ............................................................................................3

*Pinkham v. Sara Lee Corp.*,
   983 F.2d 824 (8th Cir. 1992) ............................................................................................8

*Ray v. ESPN, Inc.*,
   783 F.3d 1140 (8th Cir. 2015) ........................................................................................12

*Schoolhouse, Inc. v. Anderson*,
   275 F.3d 726 (8th Cir. 2002) ..........................................................................................10

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
   549 U.S. 422 (2007)...........................................................................................................2

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
   464 U.S. 417 (1984)...........................................................................................................8

*Ticketmaster Corp. v Tickets.Com, Inc.*,
   2003 WL 21406289 (C.D. Cal. Mar. 7, 2003)...........................................................11, 12

*Total Grain Mktg., LLC v. Ctr. Ethanol Co., LLC*,
   2024 WL 4345765 ............................................................................................................4

*Two Palms Software, Inc. v. Worldwide Freight Management, LLC*,
   780 F. Supp. 2d 916 (E.D. Mo. 2011)............................................................................12

*Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*,
   646 F.3d 589 (8th Cir. 2011) ........................................................................................3, 4

*Walden v. Fiore*,
   571 U.S. 277 (2014)...........................................................................................................8

*Warren Sign Co., Inc. v. Piros Signs, Inc.*,
 2010 WL 3034637 (E.D. Mo. Aug. 3, 2010)..........................................................................11

*Wilkinson v. United States.*,
 564 F.3d 927 (8th Cir. 2009) ...............................................................................................10

## **Statutes**

17 U.S.C. § 102............................................................................................................................12

17 U.S.C. § 106........................................................................................................................9, 12

17 U.S.C. § 301(a) .......................................................................................................................11

Mo. Ann. Stat. § 506.500...............................................................................................................4

## **Other Authorities**

Fed. R. Civ. P. 12(b)(2)..............................................................................................................3, 8

Fed. R. Civ. P. 12(b)(6)............................................................................................................8, 10

**PRELIMINARY STATEMENT**

Plaintiff Golden Arrow's claims do not belong in this Court. Its proffered basis for personal jurisdiction—that defendant Ancestry.com DNA, LLC ("Ancestry") is purportedly incorporated in Missouri—is demonstrably false. And Golden Arrow cannot plead any other facts that could support the exercise of personal jurisdiction over Ancestry. Golden Arrow alleges Ancestry, purportedly doing business as Fold3, copied material from one website to another. However, Fold3 is the business name of non-party iArchives, Inc., which is a separate entity from Ancestry. The purported actions of iArchives cannot be used to establish jurisdiction over Ancestry. In any event, the web-based interactions at issue—visiting and posting information on publicly available websites—are not contacts purposefully directed to this State that could support jurisdiction over Ancestry.

Even were Ancestry subject to jurisdiction in Missouri (it is not), Golden Arrow fails to state a claim on which relief can be granted. As to one basis for its copyright claim, Golden Arrow fails to allege any exclusive right that Ancestry purportedly infringed, as required to state a claim. And, as to the other, Golden Arrow fails to identify what components of the work, a factual compilation, are original and therefore entitled to copyright protection. Golden Arrow's alternative claim for trespass-to-chattels is nothing more than a rehash of its copyright claim and the Copyright Act thus preempts it. The trespass-to-chattels claim also fails because Golden Arrow cannot plead any cognizable harm as a result of Ancestry's alleged use of a web scraper to copy information from Golden Arrow's website. The Court should dismiss Golden Arrow's complaint in full and without leave to amend.

**BACKGROUND**

Golden Arrow alleges it created a video and blog-post in June 2020 that summarized the process of acquiring and analyzing "Morning Reports," which are military records documenting

personnel status changes from WWI through Vietnam.  Compl. ¶¶ 13-14.  Golden Arrow alleges that two years later (in April 2022), Ancestry purportedly accessed Golden Arrow's website using a web scraper (*id.* ¶¶ 17-20), and that "Ancestry's Fold3" sent out an email that reproduced Golden Arrow's June 2020 blog post (*id.* ¶ 21).

Golden Arrow also alleges it "identified a list of 9 databases" on Fold3's website that purportedly contain information "that could only have originated from Plaintiff Golden Arrow's site."  *Id.* ¶ 22.  Golden Arrow does not identify this information beyond a vague assertion that some of it included descriptions of Morning Reports.  *Id.* ¶ 23.

Golden Arrow's copyright claim appears to be based on two works: (1) a video; and (2) the June 2020 blog post.  *Id.* ¶ 27 (alleging Golden Arrow holds copyrights to "both of the works at issue").  As to the video, Golden Arrow fails to allege that Ancestry violated any of the exclusive rights under copyright.  As to the blog post, Golden Arrow alleges the content that Ancestry allegedly used appears in the screenshot in Paragraph 21 of its complaint.  *Id.* ¶ 21.

According to the Certificates of Registration attached to Golden Arrow's complaint, the "audiovisual work" was completed in 2010, and the "text" was completed in 2020, but Golden Arrow did not obtain copyright registrations until March 2025.  *Id.*, Exhibits 1 & 2.  A month later, Golden Arrow filed its complaint in this case.

**ARGUMENT**

I. **THE COURT LACKS PERSONAL JURISDICTION OVER ANCESTRY**

Golden Arrow's complaint fails at the outset because this Court lacks personal jurisdiction over Ancestry.  *See, e.g.*, *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties

(personal jurisdiction)."); Fed. R. Civ. P. 12(b)(2) (authorizing motion to dismiss based on lack of personal jurisdiction).

"Personal jurisdiction can be specific or general." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). General jurisdiction exists only in the forum where a defendant "is fairly regarded as at home." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017); *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 952 (8th Cir. 2022) (same). Specific jurisdiction over a nonresident defendant is appropriate only where an alleged injury "arise[s] out of or relate[s] to" actions by the defendant and those actions are "purposefully directed" towards the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). For intentional torts, like copyright infringement or trespass-to-chattels, "the inquiry focuses on whether the conduct underlying the claims was purposely directed at the forum state." *Baldwin v. Fischer-Smith*, 315 S.W.3d 389, 396 (Mo. Ct. App. 2010).

Here, Golden Arrow has not alleged, and cannot allege, that Ancestry is subject to general or specific jurisdiction in Missouri.

A.      **Ancestry Is Not Subject To General Jurisdiction In Missouri**

To determine whether a limited-liability company, like Ancestry, can be "fairly regarded as at home" for purposes of general jurisdiction, courts look to the state of formation, principal place of business, and place of citizenship of its members. *Hum. v. Frubbel, LLC*, 2024 WL 2048865, at *2 (E.D. Mo. May 8, 2024); *see Carney v. Guerbet, LLC*, 2018 WL 6524003, at *3 (E.D. Mo. Dec. 12, 2018) (same).

In determining whether personal jurisdiction exists, the Court "may look beyond the pleadings," including by "reviewing affidavits and other exhibits." *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020). Here, the declaration of Ancestry's VP and General Manager of Family

History Verticals, Gordon Atkinson, confirms that Golden Arrow's allegation that Ancestry "is a business entity incorporated in the State of Missouri," Compl. ¶ 10(a), is demonstrably false. Rather, Ancestry is an LLC organized under the laws of Virginia with its principal place of business in Utah. Declaration of Gordon Atkinson ("Atkinson Decl.") ¶ 3.[1] Ancestry's sole member is a corporation that is incorporated and headquartered outside Missouri. *Id.* Accordingly, Ancestry is not subject to general jurisdiction in this Court. *See, e.g.*, *Frubbel, LLC*, 2024 WL 2048865, at *2 (Missouri court lacked general jurisdiction over defendant, an LLC organized in Florida with its principal place of business in Florida and whose sole member was a Florida corporation with its principal place of business in Florida); *Total Grain Mktg., LLC v. Ctr. Ethanol Co., LLC*, 2024 WL 4345765, at *2 (E.D. Mo. Sept. 30, 2024) (Missouri court lacked general jurisdiction over defendant, an LLC organized in Arizona with its principal place of business in Arizona and all of whose members were domiciled in Arizona).

**B.     Ancestry Is Not Subject To Specific Jurisdiction In Missouri**

Under the Due Process Clause,[2] the exercise of specific jurisdiction over a nonresident defendant is appropriate only where an alleged injury "arise[s] out of or relate[s] to" actions by the defendant and those actions are "purposefully directed" towards the forum state. *Burger King*,

---

[1] Golden Arrow incorrectly alleges that defendant Ancestry.com DNA, LLC does business as Fold3. Compl. ¶ 3. In fact, a separate company—iArchives, Inc.—does business as Fold3. Atkinson Decl. ¶ 5. Ancestry has informed Golden Arrow that it has named an improper party, but Golden Arrow has not amended its complaint. In any event, iArchives, Inc. is likewise not subject to general jurisdiction in Missouri—it is a Utah corporation with its principal place of business in Utah. Atkinson Decl. ¶ 5.

[2] Because "the Copyright Act does not confer personal jurisdiction," Golden Arrow must demonstrate that the exercise of personal jurisdiction "is proper under Missouri's long-arm statute," and also that it "comports with the Due Process Clause of the Fifth Amendment." *N.C.C. Motorsports, Inc. v. K-VA-T Food Stores, Inc.*, 975 F. Supp. 2d 993, 997 (E.D. Mo. 2013). However, because courts have interpreted Missouri's long-arm statute (Mo. Ann. Stat. § 506.500) to provide for jurisdiction to the full extent permitted by the Due Process Clause, Ancestry addresses here only whether the exercise of jurisdiction would comport with federal due-process requirements. *See, e.g.*, *Viasystems*, 646 F.3d at 593.

471 U.S. at 472-73. This purposeful direction or "availment" requirement "ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Fastpath, Inc. v. Arbela Technologies Corp.*, 760 F.3d 816, 821 (8th Cir. 2014).

"When the cause of action involves a tortious act, a plaintiff also can obtain specific jurisdiction over a nonresident defendant by employing the 'effects test' of *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)." *Johnson v. Gawker Media, LLC*, 2016 WL 193390, at *7 (E.D. Mo. Jan. 15, 2016). Under this test, "a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—[in the forum state]." *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010). The Eighth Circuit has construed the *Calder* test narrowly, holding "absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." *Id.* at 797. "For defendant's tortious conduct to confer personal jurisdiction, there must be a *prima facie* showing that the defendant's intentional acts were 'performed for the very purpose of having their consequences felt in the forum state.'" *Gray v. Hudson*, 2015 WL 4488143, at *8 (E.D. Mo. July 23, 2015) (emphasis in original).

Golden Arrow fails to allege any facts that could establish specific jurisdiction over Ancestry. At the threshold, the focus of Golden Arrow's claims are alleged actions by **Fold3**, not Ancestry. Compl. ¶¶ 21-23. Fold3 is the business name for iArchives, Inc., which is an entity that is distinct from Ancestry. Atkinson Decl. ¶ 5. Aside from Golden Arrow's erroneous conflation

of Ancestry with Fold3, Golden Arrow alleges no facts that pertain to *Ancestry* specifically (let alone any that would suffice for specific jurisdiction).[3]

Even were the Court to look past the distinction between Ancestry and Fold3 (it should not), Golden Arrow's allegations do not establish that Ancestry "purposefully directed" any of its alleged activities at Missouri. Nor does Golden Arrow allege that Ancestry knew that the brunt of the harm to Golden Arrow from Ancestry's alleged copyright infringement or trespass would be felt in Missouri, as required for the exercise of personal jurisdiction under the *Calder*-effects test. *See Johnson*, 614 F.3d at 796.

Golden Arrow's allegations of copyright infringement—even if otherwise sufficient to state a claim (which they are not, as shown below)—are insufficient to establish jurisdiction. Courts have consistently declined to exercise specific jurisdiction merely because an allegedly infringed copyrighted work belonged to a forum resident. *See, e.g.*, *N.C.C. Motorsports, Inc.*, 975 F. Supp. 2d at 1003-04 (no personal jurisdiction based on defendant's alleged infringement of copyright held by Missouri corporation); *see also Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649, 653-54 (D. Md. 2001) (no personal jurisdiction under *Calder*-effects test where sole connection between defendant and forum state was that impact of defendant's copyright infringement would be felt in forum state).

None of Golden Arrow's other allegations establishes jurisdiction either. Golden Arrow alleges Ancestry employed an "automated web scraper" to copy data from a public website. Compl. ¶ 17. But interaction with a public-facing website is not conduct directed *at Missouri*. *See*

---

[3] Golden Arrow is incorrect that Ancestry.com DNA, LLC acquired iArchives—in fact, Ancestry.com Operations Inc. (a different legal entity) acquired iArchives. Atkinson Decl. ¶ 5. In any event, even if Golden Arrow's claim were correct (it is not), it is well-settled that "the jurisdictional contacts of a subsidiary corporation are not imputed to the parent." *Abelesz v. OTP Bank*, 692 F.3d 638, 658 (7th Cir. 2012). Accordingly, the alleged actions of iArchives (Fold3) could not give rise to jurisdiction over Ancestry.

*Johnson*, 614 F.3d at 795-97 (defendant did not "purposefully direct" internet activities at Missouri when she posted allegedly defamatory statement on a public website about Missouri residents because there was no evidence the website specifically targeted Missouri or that content of the defendant's alleged postings specifically targeted Missouri).

Moreover, Golden Arrow has failed to allege that Ancestry performed the allegedly tortious act of data scraping for the purposes of having its consequences felt in Missouri, as required for the exercise of personal jurisdiction. *See Gray*, 2015 WL 4488143, at *8. That Golden Arrow allegedly felt the effects of Ancestry's alleged data scraping in Missouri cannot alone justify the exercise of specific jurisdiction. *See Johnson*, 614 F.3d at 796-97.

Golden Arrow also alleges that Ancestry reproduced its blog post in an email distribution and on its website. Compl. ¶¶ 21-23. However, distribution of information over the internet is not conduct directed **at Missouri**, and thus is insufficient to create personal jurisdiction. *See, e.g.*, *Allied Insurance Co. of Am. v. JPaulJones L.P.*, 491 F. Supp. 3d 472, 477 (E.D. Mo. 2020) (finding no personal specific jurisdiction where plaintiff claimed the accessibility of defendant's nationwide website in Missouri was a sufficient basis for specific jurisdiction, and recognizing there would be "no limiting principle" and "plaintiff could sue everywhere" if having a "website were enough" to confer specific jurisdiction); *N.C.C. Motorsports, Inc.*, 975 F. Supp. 2d at 1002 (no personal specific jurisdiction as "the accessibility of Defendant's web site in Missouri and the possibility that Missouri residents may view [allegedly infringing content on Defendant's] web site, are not the type of contacts necessary to satisfy the Due Process Clause"); *Johnson*, 2016 WL 193390, at *8 (no personal specific jurisdiction where there was "nothing in the record to indicate [defendant] targeted its website… toward the State of Missouri as opposed to the United States or the world as a whole").

That Golden Arrow resides in Missouri, or that it purportedly suffered harm in Missouri, is likewise not enough to establish jurisdiction. The jurisdictional analysis requires "contacts with [Missouri] itself," not "contacts with persons who reside there." *Bros. & Sisters in Christ, LLC*, 42 F.4th at 952; *see also Walden v. Fiore*, 571 U.S. 277, 284 (2014) (courts have "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff [] and the forum State").

Accordingly, Golden Arrow has failed to allege facts sufficient for this Court to exercise general or specific jurisdiction over Ancestry. The Court should therefore dismiss Golden Arrow's complaint under Fed. R. Civ. P. 12(b)(2).

## II. GOLDEN ARROW FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

Golden Arrow also fails to state a claim for copyright infringement with respect to its two asserted copyrighted works, a video and a blog post. Compl. ¶ 27. Golden Arrow fails to allege that Ancestry violated any of the exclusive rights Golden Arrow holds in its video and fails to allege facts sufficient to demonstrate that Ancestry has copied any copyrightable content in its blog post. The Court should dismiss Golden Arrow's copyright claim as to both works under Fed. R. Civ. P. 12(b)(6) (authorizing motion to dismiss based on failure to state a claim upon which relief can be granted).

### A. Golden Arrow Fails To Properly Allege Copyright Infringement As To The Alleged Copyrighted Video

"A claim for copyright infringement involves two elements: (1) ownership and validity of the copyright, and (2) potential violation of the copyright owner's exclusive rights." *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 830 (8th Cir. 1992). The Copyright Act "grants the copyright holder 'exclusive' rights to use and to authorize the use of his work in five qualified ways." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 432-33 (1984). For video works, these

exclusive rights includes the rights "to reproduce the copyrighted work in copies or phonorecords…to prepare derivative works based upon the copyrighted work [and]…to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106.

Golden Arrow fails to allege that Ancestry violated any of the "exclusive" rights Golden Arrow holds in its alleged copyrighted video. Golden Arrow alleges only that Ancestry used a web scraper to "acce[ss] the entire content" of Golden Arrow's website. Compl. ¶ 17. But under the Copyright Act, merely "accessing" a (publicly available) copyrighted work does not violate any of the copyright owner's exclusive rights in the work. *See* 17 U.S.C. § 106. Absent any factual allegation that Ancestry has violated one of Golden Arrow's exclusive copyright rights in the video, Golden Arrow fails to properly allege a claim for copyright infringement based on the video. The Court should dismiss Golden Arrow's copyright claim at least to the extent it is based on the video.

### B. Golden Arrow Fails To Properly Allege Copyright Infringement As To The Blog Post

"A well-pleaded complaint…must include sufficient factual allegations to provide the grounds on which the claim rests." *Ginsburg v. InBev NV/SA*, 649 F. Supp. 2d 943, 946 (E.D. Mo. 2009), *aff'd*, 623 F.3d 1229 (8th Cir. 2010). To survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, [] a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

To state a claim for copyright infringement, a plaintiff must demonstrate copying of ***original*** elements of a copyrighted work. *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 (8th Cir. 2004) (emphasis added). "Facts" are not copyrightable as a matter of law. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991). "As applied to a factual compilation, copyright law protects an author's original selection and arrangement of facts, but the facts and

9

ideas within the compilation are free for the taking." *Schoolhouse, Inc. v. Anderson*, 275 F.3d 726, 728-29 (8th Cir. 2002).

Here, Golden Arrow does not allege sufficient facts to establish that Ancestry copied "original elements" of Golden Arrow's blog post. Golden Arrow alleges that its blog summarized the process of accessing and analyzing "Morning Reports," which are military records documenting personnel status changes from WWI through Vietnam. Compl. ¶¶ 13-14. Thus, from what Ancestry can ascertain based on the allegations, Golden Arrow's blog post is primarily a compilation of facts. But Golden Arrow does not allege how its "selection and arrangement" of these facts is original. *See Schoolhouse, Inc.*, 275 F.3d at 728-29. Nor does Golden Arrow allege facts showing that Ancestry copied (or otherwise violated Golden Arrow's exclusive rights in) the selection and arrangement of the facts contained in the blog post. Golden Arrow has thus, at a minimum, failed to provide "sufficient factual allegations" that would make its copyright claim more than a "formulaic recitation" of the elements of copyright infringement and the Court should dismiss Golden Arrow's copyright claim as to the blog post too. *See Twombly*, 550 U.S. at 545.

### III. GOLDEN ARROW FAILS TO STATE A CLAIM FOR TRESPASS-TO-CHATTELS

Golden Arrow similarly fails to state a viable claim for trespass-to-chattels, and the Court should likewise dismiss this claim under Rule 12(b)(6). Golden Arrow fails to allege damages, a required element for a trespass-to-chattels claim. And, in any event, the Copyright Act preempts Golden Arrow's trespass-to-chattels claim.

#### A. Golden Arrow Fails to Allege Damages

Liability for trespass-to-chattels "exists only on a showing of actual damage to the property interfered with." *Wilkinson v. United States.*, 564 F.3d 927, 933 n.5 (8th Cir. 2009). Where damages are an essential element of a claim, conclusory allegations that a plaintiff has experienced damages are insufficient. *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627-29 (8th Cir. 1999)

(dismissing action where plaintiff did not adequately plead damages, an essential element of all claims being asserted). Use of a web scraper to gather information from a public website, without more, is insufficient to fulfill the harm requirement of a trespass action. *See Ticketmaster Corp. v Tickets.Com, Inc.*, 2003 WL 21406289, at *3 (C.D. Cal. Mar. 7, 2003) (no claim for trespass-to-chattels where plaintiff did not allege that use of a web scraper caused physical damage to plaintiff's computer and did not provide evidence that use or utility of the computer was compromised).

Golden Arrow has stated no cognizable allegations of damage from Ancestry's alleged trespass. It makes no allegation suggesting that Ancestry's alleged web scraping caused damage to Golden Arrow's servers, disrupted its service, or imposed any measurable costs. Instead, Golden Arrow rests its claim on conclusory allegations that "through its web scraping" Ancestry "intentionally used or intermeddled" with Golden Arrow's chattel, resulting in "harm or damage." Compl. ¶¶ 43, 45. Absent any additional allegation of harm, this is insufficient. *See Ticketmaster Corp.*, 2003 WL 21406289, at *3.

### B.     Golden Arrow's Trespass-to-Chattels Claim is Preempted

Golden Arrow's trespass-to-chattels claim separately fails because it is premised entirely on allegations of copyright infringement. The Copyright Act thus preempts the claim.

"The Copyright Act provides the exclusive source of protection for all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." *Warren Sign Co., Inc. v. Piros Signs, Inc.*, 2010 WL 3034637, at *2 (E.D. Mo. Aug. 3, 2010); 17 U.S.C. § 301(a). The Copyright Act preempts state-law claims where "(1) the work at issue is within the subject matter of copyright as defined in §§ 102 and 103 of the Copyright Act, and (2) the state law created right is equivalent to any of the exclusive rights within the general scope of copyright as specified in § 106." *Ray v. ESPN, Inc.*, 783 F.3d 1140, 1142 (8th Cir. 2015).

Common-law claims must be "qualitatively different than the copyright claim" to survive preemption. *Facility Guidelines Institute, Inc. v. UpCodes, Inc.*, 677 F. Supp. 3d 955, 974 (E.D. Mo. 2023). When a party raises a claim seeking damages for wrongful reproduction or unauthorized use, that claim is preempted because it is at "the essence" of copyright law. *Two Palms Software, Inc. v. Worldwide Freight Management, LLC*, 780 F. Supp. 2d 916, 921 (E.D. Mo. 2011).

By its own admission, Golden Arrow meets the first prong of this test. *See* Compl. ¶ 29 ("Golden Arrow's blog post on its website is a literary work and is considered an original work of authorship fixed onto a tangible medium of expression, in accordance with 17 U.S.C. § 102.").

Golden Arrow similarly meets the second prong of this test because it seeks vindication of Ancestry's alleged reproduction of its original work through its trespass-to-chattels claim rather than damage to tangible property. Golden Arrow does not allege any cognizable damage to property. *See supra* Section III, Subsection A. Rather, Golden Arrow seeks vindication for the alleged reproduction of its work on Fold3's website. *See* Compl. ¶¶ 21-24. The Copyright Act thus preempts Golden Arrow's trespass-to-chattels claim because it is, in "essence," a copyright claim. *See Ticketmaster*, 2000 WL 525390, at *4 (Copyright Act preempted trespass-to-chattels claim where the "essence of each claim is the invasion and taking of factual information compiled by Ticketmaster").

## **CONCLUSION**

For the above reasons, the Court should dismiss Golden Arrow's complaint in its entirety.

| | |
|---|---|
| DATED: July 8, 2025 | **THOMPSON COBURN LLP** |

By: */s/ Sharon B. Rosenberg*
Sharon B. Rosenberg #54598(MO)
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
srosenberg@thompsoncoburn.com

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

John W. Baumann (*pro hac vice application forthcoming*)
Daniel C. Posner (*pro hac vice application forthcoming*)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
jackbaumann@quinnemanuel.com
danposner@quinnemanuel.com

*Attorneys for Defendant Ancestry.Com DNA, LLC*